Jamie TURNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–SC–000097–MR.

Supreme Court of Kentucky.

March 20, 2008.

544

Shelly R. Fears, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, Susan Roncarti Lenz, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice ABRAMSON.

Jamie Turner appeals as a matter of right from a January 20, 2006 Judgment of the Breathitt Circuit Court convicting her following a jury trial of three counts of first-degree and one count of third-degree trafficking in a controlled substance (KRS 218A.1412 and KRS 218A.1414). She was sentenced as a second-degree persistent felony offender (KRS 532.080) to three concurrent prison terms of twenty years each and to a concurrent twelve month term for the lesser offense. The Commonwealth alleged that in Jackson, Kentucky, in late November and early December 2004, Turner sold methadone wafers on three separate occasions to undercover police officers and to a confidential police informant. On one of those occasions she was also alleged to have sold four Xanax pills. The grand jury returned the indictment containing these charges in January 2005 and Turner was tried in December of that year. At trial, the two officers who participated in the undercover buys testified that the buys were arranged by the informant. They described the meetings with Turner, the drug transactions, and their efforts to procure audio recordings of what transpired. One of the recordings failed, but over Turner's objection the Commonwealth introduced recordings of two of the transactions. The recordings include several comments by the informant, who was not present at trial, and Turner contends that because she was given no opportunity to cross-examine the informant the admission of those com-

ments violated the Confrontation Clause of the Sixth Amendment to the United States Constitution, as recently expounded by the United States Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). With one possible, harmless exception, explained below, we are convinced that the Commonwealth's introduction of the transaction recordings did not violate the Confrontation Clause, and accordingly, we affirm.

■ As Turner correctly notes, in *Crawford* and *Davis* the Supreme Court held that the Confrontation Clause bars the admission into evidence of testimonial hearsay " 'unless [the declarant] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.' " *Davis v. Washington,* 126 S.Ct. at 2273 (quoting from *Crawford v. Washington, supra* ). The bar applies regardless of whether the evidence would otherwise be admissible pursuant to an exception to the hearsay rule. The Supreme Court has not yet had occasion to attempt a definitive distinction between "testimonial" and "nontestimonial" statements, but in *Crawford* the Court held that "[s]tatements taken by police officers in the course of interrogations are ... testimonial under even a narrow standard." 541 U.S. at 52, 124 S.Ct. at 1364. In *Davis,* a case that addressed the admissibility of statements made to 911 operators and to officers responding to 911 calls, the Court explained that

> [s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is

no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington,* 126 S.Ct. at 2273–74. Although the Supreme Court couched this distinction in terms of police interrogation, it was careful to note that

> Our holding refers to interrogations because ... the statements in the cases presently before us are the products of interrogations—which in some circumstances tend to generate testimonial responses. This is not to imply, however, that statements made in the absence of any interrogation are necessarily non-testimonial.

*Id.* at 2274 note 1. Turner contends that the informant's comments on the audio recordings were testimonial hearsay, and thus that their admission into evidence violated the rule laid down in *Crawford* and *Davis.*

■ Two of the federal Circuit Courts of Appeal have addressed this issue and both have noted that an informant's recorded statements may well be testimonial, as the Supreme Court has described, since the informant is aware that his or her statements are being recorded by government agents for the very purpose of criminal prosecution. *United States v. Nettles,* 476 F.3d 508, 517 (7th Cir.2007); *United States v. Hendricks,* 395 F.3d 173 (3rd Cir.2005). Both Courts have held, however, that the informant's statements are not hearsay and thus that their admission does not violate *Crawford,* when they are offered not for their truth, but "to put [the defendant]'s admissions on the tapes into context, making the admissions intelligible for the jury." *United States v. Nettles,* 476 F.3d at 517 (citation and internal quotation marks omitted). We concur in this

analysis, summarized by the Third Circuit as follows:

> [I]f a Defendant or his or her coconspirator makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant or coconspirator's nontestimonial statements into context.

*United States v. Hendricks*, 395 F.3d at 184.

■ Turner contends, however, that some, at least, of the informant's recorded statements were introduced not for the sake of context but as proof of the matter asserted and thus that *Crawford* still applies. She objects in particular to comments the informant made to one of the officers as they were sitting in the officer's car waiting for Turner to arrive. At one point the informant said, "The methadone is hers, but the Xanaxes, I don't know where they're coming from." A little later she said, "She's coming right now," and "Here she comes." Turner also objects to two of the informant's remarks during one of the transactions: "How much are they?" the informant asked at one point. And at the end of the transaction she said, "Thank you, love you baby." All of these remarks, Turner contends, were offered as statements tending to prove the matters asserted, *i.e.* Turner's possession of the methadone and the Xanax and a sale. We disagree.

Even if all of these remarks could be construed as statements (although questions and "thank you's" certainly strain that construction), all but the first of these remarks clearly provided context for Turner's portions of the conversations, and thus, as discussed above, their admission did not violate *Crawford*. It is arguable, however, that the informant's pre-transaction statement to the officer about Turner's possession of methadone was testimonial, and it was not reasonably required to place any of Turner's statements into context.[1] We may assume, therefore, without deciding, that under *Crawford* that statement was inadmissible and should have been redacted. *See United States v. Cromer*, 389 F.3d 662 (6th Cir.2004) (applying *Crawford* to informant's accusatory statements volunteered to police). In the context of this case, however, we are convinced that even if the admission of the methadone possession statement was erroneous, the error was harmless beyond a reasonable doubt. The evidence against Turner—three transactions, two of which were captured on tape, involving two officers—was certainly compelling if not overwhelming. Turner's only defense was to argue that the informant's absence from trial suggested that she, Turner, was being framed, either by the informant, by the officers, or by the three of them together. She offered no evidence to support that theory, or any other theory. In these circumstances, it is well beyond a reasonable doubt that excluding the informant's statement indicating that Turner was in possession of methadone would not have affected the result of Turner's trial. The admission of that statement, therefore, does not entitle Turner to relief. *Heard v. Commonwealth*, 217 S.W.3d 240 (Ky.2007) (recognizing that harmless error analysis applies to *Crawford* violations).

In sum, to the extent that the nontestifying informant's statements and re-

---

1. It appears likely that an informant's pre-or post-transaction accusatory statements will often raise this issue, so the Commonwealth would be well advised to limit its tape-recorded evidence to the transaction itself.

marks on the audio recordings of Turner's drug sales provided context for Turner's portions of the conversations, the admission into evidence of the informant's portions did not run afoul of Turner's confrontation right. One of the informant's statements occurred before Turner was present and did not provide immediate context for anything Turner said. Even if the admission of that statement was erroneous, however, given the ample proof of Turner's guilt, the error was harmless beyond a reasonable doubt. Accordingly, we affirm the January 20, 2006 Judgment of the Breathitt Circuit Court.

All sitting. All concur.