[Cite as *State v. Suber*, 2016-Ohio-7497.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          JUDGES:
                                      Hon. W. Scott Gwin, P. J.
     Plaintiff-Appellee              Hon. John W. Wise, J.
                                        Hon. Patricia A. Delaney, J.
-vs-

ERIC E. SUBER                       Case No. 16 CA 14

     Defendant-Appellant          O P I N I O N


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  15 CR 831


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:        October 26, 2016


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRIAN T. WALTZ                    ROBERT C. BANNERMAN
ASSISTANT PROSECUTOR          Post Office Box 77466
20 South Second Street, 4th Floor      Columbus, Ohio  43207
Newark, Ohio  43055

*Wise, J.*

{¶1}   Defendant-appellant Eric E. Suber appeals his conviction entered in the Licking County Court of Common Pleas on one count of aggravated trafficking in drugs following a jury trial.

{¶2}   Appellee is the State of Ohio

## STATEMENT OF THE CASE AND FACTS

{¶3}   On or about September 15, 2015, Appellant Eric E. Suber sold methamphetamine to a confidential informant, hereinafter "CI", working with the Central Ohio Drug Enforcement Task Force. The CI contacted Appellant via phone and arranged to meet him at 290 W. National, Newark, Licking County, Ohio. When the CI arrived at this residence, Appellant contacted someone named Shawn Moyer and asked him to bring the drugs to be sold. Moyer arrived at the residence, entered, and per the CI, handed the drugs to Appellant. Appellant then provided the CI with the drugs, in exchange for $800 in recorded buy money. The drugs were collected and tested by BCI and were found to be 11.87 grams of methamphetamine, a Schedule II controlled substance. Bulk amount for methamphetamine is 3 grams, so this amount exceeded the bulk amount, but was less than five (5) times bulk amount.

{¶4}   Appellant was arrested in December, 2015. He was Mirandized and interviewed. He denied selling methamphetamine, but did admit to using methamphetamine.

{¶5}   Appellant was indicted on one count of Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(A)(l)(C)(l)(c), a felony of the 3rd degree, punishable by a mandatory prison term of up to three (3) years in prison.

{¶6}    Appellant had at least two (2) prior convictions for felony drug offenses. As charged in the single count of the indictment, the charge carried with it a maximum fine of $10,000, and a mandatory minimum fine of $5,000. Additionally, Appellant was subject to a driver's license suspension of between six (6) months and five (5) years.

{¶7}    Appellant was tried before a jury on the 1st and 2nd days of March, 2016.

{¶8}    At trial, the State put on evidence which consisted of audio recordings of the drug buy by the confidential informant "CI", and testimony by the police officers directing the buy. The CI did not appear at trial and could not be cross examined by Appellant.

{¶9}    Following deliberations, the jury found Appellant guilty of Aggravated Trafficking in Drugs (Methamphetamine), in violation of R.C. §2925.03(A)(I)(C)(1)(c), a felony of the third degree; and that the amount of Methamphetamine involved at the time of the offense was equal to or in excess of the bulk amount but less than five times the bulk amount.

{¶10}   The trial court sentence Appellant to a mandatory prison term of thirty (30) months, running consecutively with the sentence in an unrelated case. No fine was imposed, and Appellant's driver's license was suspended for two years. Appellant was also sentenced to three years of post-release control.

{¶11}   Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶12}   "I. APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONTATION WAS VIOLATED."

I.

{¶13} In his sole Assignment of Error, Appellant contends that the trial court erred when it permitted the State to introduce the audio recordings of the undercover drug buy into evidence. More specifically, Appellant argues his right to confront the witnesses against him was violated because the audio tapes the trial court admitted contained hearsay as they contained out-of-court statements made by a confidential informant who was never identified and did not appear or testify at trial. Appellant argues that pursuant to the U.S. Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the confidential informant's taped statements should have been excluded by the trial court as inadmissible hearsay.

{¶14} Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is generally not admissible, except as provided by the U.S. or Ohio Constitutions, by statute or court rule. Evid.R. 802. We review a trial court's evidentiary rulings for an abuse of discretion, provided an objection is made at trial. *State v. Cunningham,* 2d Dist. Clark No. 11CA 0032, 2012–Ohio–2333, ¶ 22.

{¶15} The Sixth Amendment's Confrontation Clause provides, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." "The United States Supreme Court has held that the right to confrontation is violated when an out-of-court statement that is testimonial in nature is admitted into evidence without the defendants having had the opportunity to cross-examine the declarant. *Crawford,* 541 U .S. 36, 68." *State v. Syx,* 190 Ohio App.3d 845, 2010–Ohio–5880, 944 N.E.2d 722, ¶ 23 (2d Dist.). The *Crawford* court stated that "the core class of

testimonial statements includes statements 'that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' *Id.* at 52." *Syx* at ¶ 23.

**{¶16}** The State argues that the taped statements of the C.I. and Appellant which were admitted into evidence during trial were not hearsay because they were not offered for the truth of the matter asserted. Furthermore, because the statements are not testimonial, the State asserts that Appellant's Sixth Amendment right to confrontation was not violated.

**{¶17}** A recording of a criminal defendant's own actions or reactions does not implicate the Confrontation Clause. *State v. Graves,* Lorain App. No. 08CA9397, 2009-Ohio-1133, at ¶ 8. Our Third District colleagues recently held that the comments of the confidential informant are not hearsay as they give context to a defendant's statements and are not offered to prove the truth of the matter asserted. *See State v. Stewart,* Seneca App. No. 13-08-18, 2009-Ohio-3411, at ¶ 90. These rulings are consistent with other jurisdictions that have considered the admissibility of recorded drug purchases post-*Crawford. See e.g. United States v. Jones* (C.A.6 2006), 205 Fed. Appx. 327, 342; *Turner v. Kentucky* (Ky. 2008), 248 S.W.3d 543, 545-546; *Connecticut v. Smith* (CT 2008), 289 Conn. 598, 960 A.2d 993, 1011-1012; *State v. Jones*, 2010-Ohio-865 citing *State v. Graves,* 2009-0hio-1133 (a recording of a criminal defendant's own actions or reactions does not implicate the Confrontation Clause); *State v. Waver,* 2016-0hio-5092 (finding defendant's statements from the recording made by a CI during a drug transaction to not be barred by the Confrontation Clause); and *Davis v. Washington,* 547 U.S. 813, 825

(2006)("statements made unwittingly to a Government informant" are "clearly nontestimonial").

**{¶18}** The State also relies on the case of *U.S. v. Sexton,* 119 Fed.Appx. 735 (C.A.6 2005), in which several defendants were convicted of conspiracy to distribute cocaine. Prior to any arrests in the case, the police used confidential informants to conduct controlled drug buys from the defendants. Each undercover drug buy was audiotaped. One of the police informants, Eddie Goins, made several of the undercover drug buys from two of the defendants. *Id.* at 741–742. The drug buys were audiotaped using a hidden recorder supplied by the police to Goins. Most of the tapes of the drug buys, as well as the accompanying transcripts, were admitted into evidence over the objections of the defendants. *Id.* at 742. Goins, however, did not testify at trial. Similar to the instant case, the government introduced the tapes through the testimony of the police officers who participated in the operation who were specifically questioned about the circumstances surrounding the audio recordings. *Id.*

**{¶19}** On appeal, the *Sexton* court concluded that Goins' taped statements were not hearsay because they were not offered to prove the truth of the matter asserted. Rather, Goins' statements were offered "to give meaning to the admissible responses of [defendants]." *Id.* The court also held that Goins' statements did not violate the defendants' Sixth Amendment rights under the Confrontation Clause because they were not testimonial in nature as defined by the U.S. Supreme Court in *Crawford. Id; see State v. Smith,* 162 Ohio App.3d 208, 2005–Ohio–3579, 832 N.E.2d 1286, ¶ 14, 16 (8th Dist.) (an informant's taped statements were not offered for the truth of the matter asserted, but

provided "a context within which to understand" the encounter; statements were not testimonial and did not violate the defendant's constitutional right to confrontation).

**{¶20}** In the case *sub judice*, with respect to the controlled drug buy on September 15, 2015, the jury was permitted to hear audio recordings of the telephone calls between the C.I. and Appellant. In the recorded phone call made prior to the actual drug buy, the C.I. and Appellant can both be heard arranging the location where the transaction is to occur. In the second call, the C.I. and Appellant can be heard discussing the amount (a half-ounce) and price ($800) of the methamphetamine to be bought.

**{¶21}** Upon review, we conclude that the recorded statements made by the C.I. during the drug buy were not offered for their truth, but rather to provide a context within which to understand Appellant's admissible statements. We therefore find said statements were not hearsay under Evid.R. 801(C). Further, as the C.I.'s statements were not hearsay, they were not testimonial, and *Crawford* is inapplicable. We therefore conclude that the admission of the C.I.'s statements does not violate Appellant's Sixth Amendment right to confrontation.

**{¶22}** Furthermore, we find nothing amiss with police testifying as to the confidential informant's comments. Those comments provided context to the use of the informant and the recorded controlled purchase.

{¶23} Appellant's Assignment of Error is overruled.

{¶24} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 1004